ORAL ARGUMENT NOT SCHEDULED

*Appeal No. 13-7104*

IN THE

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

▶▶◀◀

MELISSA STANDLEY,

*Plaintiff-Appellant,*

v.

KAREN EDMONDS-LEACH, OFFICER,
DISTRICT OF COLUMBIA LIBRARY POLICE DEPARTMENT,
DISTRICT OF COLUMBIA, A MUNICIPAL CORPORATION,

*Defendants-Appellees.*

―――――――

*On Appeal from the United States District Court
for the District of Columbia*

## CORRECTED BRIEF FOR PLAINTIFF-APPELLANT

Anitha Wileen Johnson
ODELUGO & JOHNSON, LLC
*Attorneys for Plaintiff-Appellant*
6525 Belcrest Road, Suite 612
Hyattsville, Maryland 20782
301-832-3020

# Table of Contents

Preliminary Statement and Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . 1

Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case and of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      A. Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      B. Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      C. The Failure to Disclose a Witness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
          SINCE THE PRECLUDED TESTIMONY DID NOT
          RELATE SOLELY TO "IMPEACHMENT" THE
          DETERMINATION TO RECEIVE IT WAS
          ERRONEOUS AND PREJUDICIAL.. . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a) . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## CASES

\* Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513 (5th Cir. 1993). . . . 7, 9, 10

Elion v. Jackson, 544 F.Supp.2d 1 (D.D.C.2008).. . . . . . . . . . . . . . . . . . . . . . . . 8

Friedman v. Rehal, 618 F.3d 142 (2d Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . 9

Sterkel v. Fruehauf Corp., 975 F.2d 528 (8th Cir. 1992). . . . . . . . . . . . . . . . . 10

Walls v. Paulson, 250 F.R.D. 48 (D.D.C.2008). . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATUTES

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 28.1(e)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. App. P. 32(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed.R.Civ.P. 26(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed.R.Civ.P. 37(c)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **Miscellaneous**

4 WEINSTEIN'S FEDERAL EVIDENCE §§ 607.04-607.08 (2d ed. 2004). . . . . . 9

_____

   The case upon which we chiefly rely is marked with a \*.

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
-----------------------------------------------------------------X
MELISSA STANDLEY,

       Plaintiff-Appellant,

   -against-

KAREN EDMUNDS-LEACH and
DISTRICT OF COLUMBIA,

       Defendants-Appellees.
-----------------------------------------------------------------X

## Preliminary Statement and Statement of Jurisdiction

Plaintiff, Melissa Standley, appeals from a judgment of the United States District Court for the District of Columbia (Barbara Jacobs Rothstein, D.J.), entered May 31, 2013, which, upon a motion pursuant to Rule 50 and a jury verdict, dismissed the complaint.

Jurisdiction in the district court was predicated upon 28 U.S.C. § 1331. Jurisdiction in this Court rests upon 28 U.S.C. § 1291.

-1-

## **Issues Presented**

The defendants failed to disclose a witness known to them during discovery and were precluded from putting the witness on during their case in chief. The trial court permitted circumvention of that ruling by allowing the defense to call the witness during its case in chief by holding that the witness was offered for impeachment purposes. The witness, however, did not "impeach" the plaintiff's testimony in the traditional sense, but simply offered testimony that was contrary to the plaintiff's version of the incident and gave substantive evidence. The issue is whether this ruling was erroneous as a matter of law.

## Statement of the Case and of the Facts

A. Statement of the Case

Plaintiff commenced this action to recover damages for false arrest, false imprisonment, assault and battery, malicious prosecution and for violation of her constitutional rights to be free from an unlawful seizure. A:10-28. The action arises out of an incident at at a branch of the Dorothy Height Library, when the individual defendant, a library special police officer, arrested plaintiff for unlawful entry, disorderly conduct, and assaulting a police officer. A:12, 19. The charges were dismissed after the prosecutor viewed a videotape which showed that the individual defendant initiated the confrontation. A: 19. The malicious prosecution claim was dismissed on a motion pursuant to Rule 50. The jury returned a defense verdict on the other counts.

B. Statement of Facts

The facts underlying the case are straightforward. On February 3, 2011, Plaintiff went to the Benning Road Branch/Dorothy Height Library to complete homework assignments and study for upcoming exams. A:41. Because the library was crowded and the only available seats where located in the section of the library reserved for children, she went to the children's section to sit as she had done in the past when there were no other available seats in the library. A: 41.

Defendant officer came over and informed Plaintiff that she was not able to continue sitting in that area and that Plaintiff would have to move to another section. A:41. Plaintiff contended that, without provocation, she gathered her belongings and proceeded to find other seating. A: 41.

The defendant officer then came over and asked plaintiff to move again. A:41. According to the plaintiff, the defendant officer then grabbed her, threw her against the bookcases and used excessive force. A: 41. Plaintiff was charged with unlawful entry and disorderly conduct. A:122. These charges were dismissed without trial. A: 41.

Officer Leach contended that the force used against plaintiff was necessary and reasonable under the circumstances because plaintiff physically resisted her order to leave the library. A: 42. She asserted that there was probable cause to arrest plaintiff for unlawful entry because plaintiff refused to leave the library when ordered to do so. A:42.

As can be seen, then, there was a clear-cut question of fact for the jury to resolve.

C. The Failure to Disclose a Witness

Prior to trial, Plaintiff made an in limine motion to preclude the defense from calling any witness at trial that had not been previously disclosed. A:110 *et.*

-4-

*seq.* Although the defense initially concurred, it later sought to reinstate Wendell Keller, who had not previously been disclosed as a witness. A: 131 *et. seq.*

According to the defense, Mr. Keller was employed by the DC Public Library as a Library Associate. A: 135. Mr. Keller was working at the Dorothy Height Library on February 3, 2011 at the time of the encounter between Plaintiff and Officer Edmonds-Leach. A: 135. Plaintiff denied yelling and swearing at Officer Edmonds-Leach, and the defense sought to have Mr. Keller testify that he was a distance away and heard Plaintiff swearing. A: 135. "Mr. Keller's testimony will corroborate Officer Edmonds-Leach's testimony that Plaintiff was disorderly while at the library." A: 136.

The motion was denied, but Keller was subsequently permitted to testify as an impeachment witness. That testimony was offered to "corroborate" the officer's testimony.

More specifically, counsel for the defense urged that Mr. Keller be permitted to testify as to two items:

> One is whether or not plaintiff was being loud, whether or not she was swearing and cursing on February 3rd, 2011, at the Dorothy Height Library. Her testimony so far, I think that the only thing the jury could glean from her testimony in terms of her behavior is I mumbled under my breath one time "bitch. That ls the extent of what she would call inappropriate conduct. Mr. Kellar, on the other hand, will testify that he was present, he

-5-

> wasn't exactly in the area where they were, but he was some distance away, and he heard Ms. Standley in a loud voice swearing and using profanity at Officer Leach or at least heard her using profanity.
>
> She has also testified that there was no seating in the adult section. Mr. Kellar will offer testimony that, in fact, there was plenty of seating in the adult section and that he had been in that section around the same time that plaintiff claims that there was no seating.

A: 459-460.

Plaintiff's counsel argued that this wasn't impeachment and that reception of the testimony was extremely prejudicial. A:461-462.

The Court ruled as follows: "I do find that this witness is an impeaching witness and not called solely for corroboration. This, at least as his testimony is represented to the Court, he will be testifying on at least two areas that defendant has not testified to." A:464. It adhered to that determination the next day and Mr. Keller was permitted to so testify. A:475 *et seq*.

## Standard of Review

At bottom the appeal concerns the construction of a Federal Rule of Civil Procedure. The standard of review should be de novo as a question of law. See *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993), which involved the same issue presented on this appeal, where the Fifth Circuit reversed a determination to permit testimony under the impeachment exception and applied a de novo standard, giving no deference to the decision of the district court.

## Summary of Argument

The defense failed to disclose the identity of a witness and accordingly was precluded from calling the witness in its case in chief. The district court allowed the defense to call the witness under the guise of impeachment, but the testimony did not relate to the credibility of any witnesses called by the plaintiff. Rather, the initially precluded witnesses gave substantive evidence. There is a clear line of demarcation between impeachment evidence and rebuttal evidence and the district court erred in saying that the difference was only one of semantics. The admission of such testimony was erroneous and prejudicial.

**Argument**

### SINCE THE PRECLUDED TESTIMONY DID NOT RELATE SOLELY TO "IMPEACHMENT" THE DETERMINATION TO RECEIVE IT WAS ERRONEOUS AND PREJUDICIAL

Fed.R.Civ.P. 26(e) imposes a continuing obligation to supplement or correct a disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The sanction of preclusion is "automatic and mandatory" unless the party can show that the failure to disclose was "either substantially justified or harmless." *Walls v. Paulson*, 250 F.R.D. 48, 53–54 (D.D.C.2008) (quoting *Elion v. Jackson*, 544 F.Supp.2d 1, 5–6 (D.D.C.2008)).

As the defense conceded, this was the well-established rule in this Circuit. Consequently, the district court precluded the testimony. However, the defense

was able to accomplish the same result by offering him for "impeachment" when his testimony actually related to substantive proof. This was error.

Impeachment evidence is evidence offered to discredit a witness by bringing forth reasons why the jury should not put faith in the witness's testimony. See *Friedman v. Rehal*, 618 F.3d 142, 153 (2d Cir. 2010) (citing *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)). Evidence treatises identify a number of general types of impeachment evidence, including impeachment for bias, impeachment based on mental incapacity or an inability to observe, remember or narrate, impeachment by contradiction, impeachment based on prior inconsistent statements, and impeachment based on character for truthfulness. See, e.g., 4 WEINSTEIN'S FEDERAL EVIDENCE §§ 607.04-607.08 (2d ed. 2004).

The unifying feature of impeachment evidence is its focus on the credibility of the witness herself. By contrast, substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact. See *Chiasson*, 988 F.2d at 517.

The district court said that "[w]hether impeachment and rebuttal crisscross is a matter of semantics" A: 476. This demonstrates the error. In allowing Keller's testimony the district court failed to recognize that "impeachment evidence" in fact differs from "rebuttal evidence." "Impeachment is an attack on the credibility

-9-

of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party." *Sterkel v. Fruehauf Corp*., 975 F.2d 528, 532 (8th Cir. 1992).

Defendants already used the officer's testimony as substantive evidence. Since Keller's testimony was offered to 'corroborate" the officer's testimony, it was not used "solely for impeachment" and, indeed, the district court said that the testimony was not offered solely for corroboration.

In *Chiasson v. Zapata Gulf Marine Corp*., 988 F.2d 513, 517 (5th Cir. 1993), the Fifth Circuit was confronted with an identical circumstance and held that reversal was required. That decision is sound and should be followed here.

The reception of such testimony was manifestly prejudicial. The plaintiff ie entitled to a new trial.

## **Conclusion**

The judgment should be reversed and a new trial ordered.

Dated: May 22, 2014

                              Respectfully submitted,

                              Odelugo & Johnson, LLC
                              Attorneys for Plaintiff-Appellant

                              By /s/Anitha W. Johnson
                              4601 Presidents Drive, Suite #145
                              Lanham, MD 20706
                              Office (301) 832-3020
                              Fax (301) 850-6729

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)

Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

     This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because it is less than 35 pages and contains 5, 109 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Word Perfect x6 in 14 point Times New Roman Type.

## **CERTIFICATE OF SERVICE**

      I certify that on May 22, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system as they are registered users.


/s/ Odelugo & Johnson, LLC
Attorneys for Plaintiff-Appellant
By /s/Anitha W. Johnson

-13-